THE CITY OF TOPEKA v. ELIZABETH D. HEMPSTEAD.

No. 10002.

1. NEGLIGENCE — *on facts, city held liable for injury caused by unsafe approach to bridge, though runaway concurred in causing injury.* The approach to a bridge on a city street was narrow, high, and left unprotected on the sides by railings or barriers; and while a dairyman was driving a horse and wagon over it the harness broke, without fault of the driver, and the horse became frightened and started to run. While the horse was under only partial control, the wagon slid off the embankment, throwing the driver out and injuring him. It appeared that if there had been a proper railing upon the side of the embankment the casualty would not have occurred. *Held*, that the City was negligent in leaving the approach to the bridge without railings or barriers for the protection of travelers, and was liable for the injury sustained, notwithstanding that the breaking of the harness and the fright of the horse may have concurred in producing the injury.

2. SUNDAY LAW — *delivery of milk by dairyman a work of necessity within.* The delivery of milk to his customers by a dairyman is a work of necessity, and not within the inhibition of a law forbidding any labor on Sunday other than works of necessity or charity.

Error from Shawnee District Court. Hon. A. H. Vance, Judge *pro tem.* Opinion filed June 5, 1897. *Affirmed.*

*W. A. S. Bird,* for plaintiff in error.

*Bain & Forbes,* for defendant in error.

JOHNSTON, J.   John C. Hempstead was killed by falling from a high bridge erected upon a street of the City of Topeka. He was engaged in dairying ; and on Sunday morning, May 22, 1892, was on his way to deliver milk to a customer. He was driving a mare attached to a light wagon. As he was driving down a hill approaching the bridge, one of the back straps of the harness gave way, striking and frightening the mare, so that she started toward the bridge

upon a gallop.  Hempstead undertook to hold and guide the mare, and did gain partial control over her ; but the approach to the bridge being narrow—not much wider than the wagon — and there being no bar﹅ rier or protection on the sides, and the mare having slightly veered from the center, the wagon slid off, dragging the mare and Hempstead down to the bottom of the creek.  The approaches were made of earth and stone and were about twenty feet high.  The embankment had been washed away to some extent, and the roadway was slanting at the point where the casualty occurred.  The widow, Elizabeth D. Hempstead, brought this action, alleging that the approach to the bridge was defective and dangerous, and that the City was negligent in not protecting the same with barriers or railings ; and upon the trial a verdict for three thousand dollars was rendered in her favor and judgment entered thereon.  It is contended that the City is not liable, because the defect in the bridge was not the sole cause of the injury, but that the run ning away of the horse, which was entirely beyond the control of the driver, should be regarded as the proximate cause.

We entertain no doubt that the evidence justified the verdict of the jury.  The bridge, which was one of the thoroughfares of the City, was obviously defective and dangerous.  The failure of the city to erect for the safety of travelers a barrier or other means of protection on the sides of so high an embankment, was culpable negligence.  The fact that the mare took fright and started to run will not prevent a recovery.  According to the findings of the jury, based upon sufficient evidence, Hempstead did not lose control of the mare, and he was in the exercise of reasonable care when the injury occurred.  The fright of the mare, it is

1. City liable for negligence, when.

true, was caused by the breaking of the harness; but it is found that Hempstead was not guilty of any negligence in this respect, and there is the further finding that the injury which caused his death would not have occurred if there had been a sufficient barrier or railing on the approach to the bridge. This being true, and there being no negligence on the part of Hempstead, there can be no question of the liability of the City. In a somewhat similar case, where the city was negligent in maintaining a street and injury resulted to one who was driving a horse over the defective street, it was held that the city was liable for the injury although the horse took fright and ran away and was beyond the control of the driver when the injury occurred. It was decided that, according to the weight of authority, the city is liable in such case where the traveler is not negligent and where the injury would not have been sustained but for the negligence of the city. *Street Rly. Co. v. Stone*, 54 Kan. 83. The ruling in that case applies closely to the facts in this, and determines the point in controversy against the contention of the City.

It is contended that no recovery can be had, because Hempstead was engaged in his ordinary business on Sunday, in violation of a city ordinance and of a statute prohibiting and punishing any labor on Sunday other than works of necessity or charity. This claim is without merit, as the delivery of milk by a dairyman to his customers may be fairly classed in the works of necessity which are excepted from the operation of the law. It was necessary to milk the cows, and to dispose of the milk while it was fresh; and hence the labor was a work of necessity as to Hempstead. It was a work of necessity as to his customers, as much as that of the druggist who furnishes medicine to the sick, or that

2. Delivery of milk not violation of Sunday law.

of the hotel-keeper who furnishes food for his guests, or of the water company which supplies water for its customers. Such employments are generally regarded as necessary, and not within the inhibition of Sunday laws. *Morris v. The State,* 31 Ind. 189 ; *Wilkman v. The State,* 59 id. 416 ; *McGatrick v. Wason,* 4 Ohio St. 566 ; *Whitcomb v. Gilman,* 35 Vt. 297 ; *Hennersdorf v. The State,* 25 Tex. App. 597 ; 24 Am. & Eng. Encyc. Law, 542, and cases cited.

Exceptions were taken to the rulings of the court in the admission of testimony, and also in charging the jury, but we find no error in any of them nor anything requiring special comment.

The judgment of the District Court will be affirmed.