**STATE, Plaintiff-Appellee, v. GINNIS, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24648.    Decided May 27, 1959.

King A. Wilmot, Director of Law, Robert J. Grogan, Asst. Police Pros., Cleveland Heights, for plaintiff-appellee.

Ernest J. Easton, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a judgment entered for the plaintiff on the return of a verdict of guilty by the jury impaneled to try the case. The charge was founded upon the alleged violation of the provisions of §3773.24 R. C.

Sec. 3773.24 R. C., provides:

"No person who is over fourteen years of age shall engage in common labor or open or cause to be opened, a building or place for transaction of business, or require a person in his employ or under his control to engage in common labor on Sunday. In prosecutions under this section complaints shall be made within ten days after a violation.

"This section does not apply to work of necessity or charity, and does not extend to persons who conscientiously observe the seventh day of the week as the sabbath, and abstain thereon from doing things prohibited on Sunday.

"This section does not prevent emigrating families from traveling, watermen from landing their passengers, or keepers of toll bridges, tollgates, or ferries from attending them on Sunday."

As originally set out in the Revised Statutes and the General Code, the second and third paragraphs of §3773.24 R. C., were found in separate sections. In the General Code, the first paragraph of §3773.24 R. C., which contains the prohibition against conducting business and common labor on Sunday, was §13044 GC. Secs. 13045 and 13046 GC, provide the exceptions such as works of necessity and charity, and the conscientious observance of the seventh day of the week as if it were Sunday.

The affidavit upon which the warrant was issued for the defendant's arrest and upon which the trial was conducted was as follows:

"The State of Ohio, County of Cuyahoga, City of Cleveland Heights. In the Municipal Court of the City of Cleveland Heights, before me, Raymond C. Noonan, Clerk of the Municipal Court of the City of Cleveland Heights, personally came Edward Hach who being duly sworn according to law deposes and says that on or about the 27th day of April, 1958, at the said city, county and state, one Irving Ginnis did violate §3773.24 R. C., by wilfully, intentionally and with knowledge of said §3773.24 R. C., open or cause to be open a store known as Irv and Joe's Delicatessen, 13466 Cedar Road, for the transaction of business and sale of merchandise, April 27, 1958, being a Sunday, said transaction of

**184**

business and sale of merchandise not being a work of necessity or charity and said work not being within the saving clauses of §3773.24 R. C., contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio; that the said Irving Ginnis was charged and convicted of the same offense in the Police Court of the City of Cleveland Heights on April 14, 1957, and that, therefore, the said Irving Ginnis is charged with a second offense. Signed Edward Hach. Sworn to and subscribed before me, this 29th day of April, 1958. Signed Raymond C. Noonan, Clerk of the Municipal Court of the City of Cleveland Heights, Ohio."

The evidence is undisputed that this defendant and his partner, Joseph Kaplan, are owners of a delicatessen shop located at 13466 Cedar Road, Cleveland Heights, Cuyahoga County, called "Irv and Joe's."

Mr. Kaplan testified in answer to a question of "What do you sell in this store * * *?"—"Well, we are mainly a delicatessen but we have several items; we have a little bit of everything for the convenience of our customers, such as groceries, dairy products, milk, butter, everything pertaining to a food store, but our main business is the delicatessen business."

The defendant and his partner also conduct a restaurant in the same store. They hold a restaurant license, as provided by law. The defendant testified in respect to the operation of his delicatessen business that his store was open for business, both on April 26, 1958 (Saturday) and April 27, 1958 (Sunday). He stated he had operated his delicatessen business on a seven day a week basis for a considerable period of time prior to his arrest. It was stipulated that he had been convicted of the violation of the same section of the Revised Code on April 14, 1957. He was charged in this action, as indicated by the affidavit as above set out, as a second offender.

Two police officers testified; one, that he made a purchase of a can of peanuts on Saturday, April 26, 1958, and the other, that on Sunday, April 27, 1958, he purchased a can or jar of jelly. Both officers testified that when they made their respective purchases, there were other customers in the store and they observed the defendant and others waiting on trade as in a normal grocery store and that the customers were buying groceries, such as coffee, catsup, sliced corned beef, luncheon meats wrapped in wrapping paper, bread, milk, canned foods and the like.

Some of the defendant's witnesses testified that they patronized Irv and Joe's Delicatessen on April 27, 1958 (Sunday) and at many other times, and purchased some of the items above mentioned. Such items could not be described by any other designation than "groceries." Therefore, the evidence of both the State and the defendant clearly tends to support the fact that on Sunday, April 27, 1958, the defendant opened and attended to the operation of his delicatessen store serving customers with grocery items as requested and there is not a word of evidence to the contrary. Nor is there any evidence that the defendant observed the seventh day of the week as the sabbath and abstained thereon from doing what was prohibited on Sunday.

The greater part of the evidence of the defendant received or offered,

most of which was excluded by the court, seemed to be for the purpose of supporting the claim that many other grocery stores in the vicinity were operating on Sunday and that Sunday operation of grocery stores is a convenience the public demands.

At the conclusion of all the evidence, the plaintiff requested and the court gave the following instruction or charge before argument:

"I charge you as a matter of law that the sale of a jar of jelly, such as that sold to the witness, Hach, on Sunday, does not constitute a work of necessity within the meaning of the term 'necessity' as used in the text of §3773.24 R. C."

The defendant claims the following errors:

"A. The Trial Court erred in charging the Jury before argument on a question of fact.

"B. The Trial Court erred in not explaining the legal meaning, and failing to give the definition of 'greater weight of the evidence,' in its final supplemental charge to jury.

"C. The Trial Court erred in the irregularity of its proceedings, and in failing to clearly and adequately explain to Juror 8, in answer to his question as to whether or not the Jury could have a copy of law §3773.24 R. C., in the Jury room; and further erred in what followed thereafter.

"D. The Trial Court erred in connection with his charge that the exception of 'work of necessity' constituted an affirmative defense which the Defendant had to establish by the greater weight of the evidence— by refusing to permit Defendant and his witnesses sufficient latitude so far as the law was concerned, and preventing them from testifying in support of and in order to prove Defendant's affirmative defense by the greater weight of the evidence."

The first assignment of error challenges the accuracy of the special charge given at the request of the plaintiff before argument. While the charge is open to criticism, it cannot have been prejudicial to the defendant when considered in the light of the record presented in this case. The defendant produced evidence in his defense that he was operating his delicatessen store as charged in the affidavit and there is no dispute in the evidence but that groceries were sold to customers on Sunday. Furthermore, although most of the items sold could be classified as food, such food was not to be consumed on the premises in defendant's restaurant, but rather to be taken out by the purchaser. There is no dispute but that the defendant did sell the police officer a jar of jelly, which he paid for and took with him as he left and that when the sale was made, there were other customers making purchases of food which they took with them on leaving the store. The law is well established that §3773.24 R. C., is a constitutional exercise of the police power. State v. Kidd, 167 Oh St 521, 150 N. E. 2d 413, and that the general operation of a grocery store is not a work of necessity coming within the exception defined in §3773.24 R. C. The defendant did not attempt to show any special circumstances that would bring the purchase of jelly into the exception as a work of necessity or charity. We hold, therefore, that while the giving of this charge was in error, the defendant was not prejudiced thereby.

The second claim of error must be overruled. It deals with the claim that the court's instruction on the meaning of the "greater weight of the evidence" was not complete. The court's charge was as follows:

"I further charge that the exception of work of necessity or charity constitutes an affirmative defense which the defendant must establish by the greater weight of the evidence."

The defendant did not request the court to go into greater detail on this subject. Certainly the instruction is complete and accurate and. without doubt, coming directly to the point, was clearly understood by the jury.

The third assignment of error deals with the failure to grant a request of a juror that a copy of §3773.24 R. C., be given to the jury during their deliberations. The argument that follows this assignment of error in defendant's brief ends with this statement—"Under the law certainly Juror 8 was entitled to a more reasonable and comprehensive explanation." We know of no rule which requires the court to place a copy of the statute upon which the prosecution is based into the hands of the jury during their deliberations and if the defendant or a juror desired a more complete explanation of any legal term used in the court's charge, he should make a request for such explanation. We find that the defendant's third claim of error is not sustained.

The final assignment of error deals with the court's instruction to the jury that the exception of work of necessity or charity is an affirmative defense requiring the defendant to establish that his activities came within the exception by the greater weight of the evidence, and the refusal of the court to permit evidence tending to establish that defense.

This court in the case of State v. Haase, 97 Oh Ap 377, 116 N. E. 2nd 224, held, in dealing with a similar situation:

"1. The hardware business operated under normal circumstances is not a work of 'necessity' within the meaning of §3773.24 R. C.

"2. The fact that the operators of some businesses within the jurisdiction of the court, operating on Sunday in violation of §3773.24 R. C., have not been prosecuted, is no defense in the case of one prosecuted under the provisions of such statute, and the rejection of evidence as to the conduct of others claimed to be in violation of the Sunday closing law is not prejudicial to the rights of the defendant.

"3. An information which sets forth all the elements of the crime defined in §3773.24 R. C., of operating a business (other than those excepted by the statute) on Sunday but which does not negative the exceptions as set forth in such statute is sufficient, the exceptions constituting an affirmative defense."

On page 383, quoting in part from Straka v. State, 16 N. P. (N. S.), 554 (opinion by Judge Lieghley, formerly of this Court), it is said:

"It is my opinion that 'necessity,' as comprehended by this section of the statute, with few exceptions, arises from conditions or circumstances caused by an agency, either in whole or in part, over which man has no control. For instance, it has been held that the distribution of milk on Sunday is a necessity in view of the fact that the production of fresh milk is by nature's decree daily, and therefore daily distribution

of the same is necessary (58 Kans., 328-30). Again, it would doubtless be regarded as a necessity that probably all stores might be open on Sunday, temporarily, following a castastrophe like the Dayton flood, or the Collingwood tragedy. For other instances, see authorities cited above.'

"We are, therefore, compelled to conclude that the state produced sufficient evidence to make out a case against the defendant under §3773.24 R. C., in opening his hardware store for regular business on Sunday, and if it was the defendant's claim that what he was doing at the time of his arrest comes within the exception of necessity, such claim constitutes an affirmative defense which the defendant must establish by the greater weight of the evidence. This he did not attempt to do."

The headnote of the Straka case, supra, is as follows:

"The keeping open of a bakery on Sunday is a violation of §13044 R. C., notwithstanding only fresh bread stuffs are sold and the community is in the habit of procuring from such bakery on Sunday its supply of fresh bread stuffs for use on that day."

The grocery business does not come within the exception as a business of necessity without some special circumstances being shown. In 38 O. Jur., para. 26, at page 364, it is said:

"Sale of Groceries. The keeping open of a grocery store or stores on Sundays for the sale of groceries is not a work of necessity. The fact that the grocers of Ohio almost universally do not carry on business more than six days in the week would lead to the inference that they find no necessity to do otherwise. Special sales made by grocers under certain circumstances on Sunday might come within the classification of a necessity, but to keep the store open for the purpose of selling to all who may come is in law considered not to be a necessity. It is not a necessity to buy anything on the first day of the week which, by the exercise of proper care, could be purchased on the day previous. Sales, in order to be a matter of necessity, must be of things which reasonable foresight would not require to purchase on some other day, such as drugs and medicines."

In the case of State v. Kidd, supra, the second paragraph of the syllabus is as follows:

"2. 'Work of necessity or charity' is exempted from the operation of §3773.24 R. C. The word, 'necessity,' is an elastic one, and what constitutes work of necessity is often a question of fact dependent on the circumstances surrounding the particular case."

But here the defendant did not proffer a word of evidence that would support a claim that the business transactions of selling groceries on April 27, 1958, as detailed in the record, were made under such special circumstances as to come within the exception set forth in the statute. The claimed error designated number four is, therefore, overruled.

For the foregoing reasons, the judgment of the Municipal Court of Cleveland Heights is affirmed.

HURD, PJ, KOVACHY, J, concur.