The State of Ohio, Appellee, *v.* Corn, Appellant.

(No. 2884—Decided May 19, 1960.)

*Mr. Harold E. DeHoff* and *Mr. George H. Trifelos*, for appellee.

*Mr. Robert F. Hillibish* and *Mr. Isadore Freed*, for appellant.

McLAUGHLIN, J. This case arose out of a sale of a child's toy on Sunday. Pertinent words of the affidavit charge that the accused "unlawfully did then and there engage in common labor * * * on Sunday." Section 3773.24 of the Ohio Revised Code provides in basic substance that "no person * * * shall engage in common labor * * * on Sunday."

The accused was tried, found guilty and sentenced by the Canton Municipal Court, the judge acting as a jury.

This appeal on questions of law results.

The assignments of error are:

"1. The court erred in overruling defendant-appellant's motions to quash the information and discharge the defendant-appellant, which motions, attacking the sufficiency of the affidavit charging offense, were made before trial.

"2. The evidence failed to show a violation by the defendant-appellant of the provisions of Section 3773.24, Revised Code of Ohio, as appears in said complaint, by sufficient evidence required by law.

"3. The court erred in overruling defendant-appellant's motions for discharge of defendant-appellant, which motions were made at the conclusion of the state's evidence and at the conclusion of all evidence.

"4. Section 3773.24, Revised Code of Ohio, was adopted as an emergency measure by the Legislature of the state of Ohio, for the reasons set forth in said legislation, when in fact no such emergency existed and is in contravention of Article II, Paragraph 1 (d) of the Constitution of the state of Ohio.

"5. Section 3773.24, Revised Code of Ohio, is in conflict with Article I, Section 16 of the Constitution of Ohio.

"6. Section 3773.24, Revised Code of Ohio, is in conflict with the Fourteenth Amendment to the Constitution of the United States of America.

"7. Section 3773.24, Revised Code of Ohio, is discriminatory, unreasonable, is class legislation and is ambiguous and incapable of clear construction.

"8. Because of other errors apparent upon the face of the record."

The first assignment of error is overruled. The Ohio law is well settled that where the basic statute is silent on the question of intent, averments of guilty knowledge, criminal intent, or scienter are not necessary. See *State* v. *Huffman*, 131 Ohio St., 27. Likewise, negative averments of the statutory exceptions are not required. See *State* v. *Haase*, 97 Ohio App., 377.

The second and third assignments of error are overruled. Perusal of the record shows that the court's verdict of guilty is supported by reliable, substantial and probative evidence. The trial court, acting as a jury and cognizant of the law as to reasonable doubt, found the accused guilty. This was in accordance with law.

The fourth assignment of error is overruled. The issue as to whether or not the basic statute was properly adopted as an emergency measure cannot be raised here. It should be raised in a case which seeks to enforce the right of referendum. See the majority opinion in *State, ex rel. Durbin*, v. *Smith, Secy. of State*, 102 Ohio St., 591.

The crux of this appeal is in the fifth, sixth and seventh assignments of error. These attack the constitutionality of the basic statute, Section 3773.24, Revised Code, which reads as follows:

"No person, firm, or corporation shall engage in common labor or suffer or permit a building or place to be open for transaction of business, or require a person in his employ or under his control to engage in common labor or to open a building or place for the transaction of business on Sunday. In prosecutions under this section complaints shall be made within ten days after a violation.

"This section does not apply to work of necessity or charity, and does not extend to persons who conscientiously observe the seventh day of the week as the Sabbath, and abstain thereon from doing things prohibited on Sunday.

"This section shall not apply to:

"(A) Traveling *or the providing of services and commodities incidental thereto*;

"(B) Recreation, sports, amusements, entertainment, or exhibitions *or the providing of services and commodities incidental thereto*;

"(C) *Fairs held under the authority of the state or a political subdivision, or independent fairs, or the providing of services and commodities incidental thereto*;

"(D) The operation of publicly owned places of entertainment, recreation, or education, by a public officer, concessionaire, exhibitor, or employees of all or any of them, or any other person, *or the providing of services and commodities incidental thereto.*"

We have italicized those parts added by amendment, effective July 17, 1959 (128 Ohio Laws, 1219). Prior to that amendment the statute was held to be constitutional. See *State* v. *Kidd*, 167 Ohio St., 521; *State* v. *Haase*, 97 Ohio App., 377; and *State* v. *Ullner*, 105 Ohio App., 546. Our consideration is therefore limited to the italicized words. We note that those words merely add to the exceptions. These words have been added to the statute since the Supreme Court pronouncement in the *Kidd case, supra.*

We adopt Judge Skeel's reasoning in the *Haase case, supra,* wherein he states, at page 383: "If it was the defendant's claim that what he was doing at the time of his arrest comes within the exception of necessity, *such claim constitutes an affirmative defense* which the defendant must establish by the greater weight of the evidence." (Our emphasis.)

In the instant case the accused did attempt to establish that she came within one or more of the exceptions. The record shows that she did not sustain her burden of proof and that that issue of fact was resolved against her by the trial court's guilty verdict. This becomes a potent argument for the constitutionality of the statute. For if she was accorded the opportunity

to establish her defense and did not do so, she was not deprived of her liberty without due process of law.

Originally the exceptions to the statute were contained in separate sections of the *Ohio General Code.* (13044, 13045, 13046.) All have now been combined into Section 3773.24 of the Revised Code. The latest amendment reiterated the basic foundation clauses, but significantly added (C) respecting fairs.

The Legislature has also added in the last amendment these very potent new words to all the exceptions, *"or the providing of services and commodities incidental thereto."*

The accused contends that, inasmuch as this Giant Tiger Store sells sports clothes and accessories which can be used in sporting and traveling activities, all their sales are exempted under the statute.

We cannot agree with this contention. No fixed meaning can be given to the words, "incidental thereto." But this much can be said. The providing of services and commodities must be directly incidental to some recreational activity, travel, fair, or entertainment. Whether such is the fact is a matter of affirmative defense, and depends upon the circumstances of each particular case.

In the instant case, there can be no reasonable doubt that the activities of the Giant Tiger Store and similar "discount" houses are not exempt under the statute. Adding the words, "incidental thereto," merely enlarges the exceptions and provides an accused with more constitutional protection.

We find Section 3773.24, Revised Code, as amended, constitutional.

Assignments of error Nos. 5, 6 and 7 are overruled.

The eighth assignment of error is overruled.

We find no prejudicial error apparent on the face of the record. The verdict and judgment of the Canton Municipal Court finding the accused guilty of engaging in common labor on Sunday is affirmed.

*Judgment affirmed.*

PUTNAM, P. J., and McCLINTOCK, J., concur.