The State of Ohio, Appellee, *v.* Carney, Appellant.

(No. 2589—Decided July 20, 1960.)

Mr. *Herbert S. Beane*, city attorney, and Mr. *Arthur O. Fisher*, prosecuting attorney, for appellee.

Messrs. *Sharts, Singer & Brown*, for appellant.

CRAWFORD, J. The defendant, appellant herein, Charles Carney, appeals from his conviction of violating Section 3773.24, Revised Code. The affidavit charges that on or about February 7, 1960, he did "unlawfully permit a building or place to be open for transaction of business on Sunday, to wit: Troy Street Furniture Warehouse, 1100 East Monument Avenue." The evidence discloses that on that date a witness entered such place of business and purchased a bedspread from a salesman acting under the instructions of defendant.

The first assignment of error is that the affidavit and warrant are inconsistent with each other. The warrant, which appears on the back of the affidavit, described the charge as "laboring on Sunday." Upon application of the prosecutor, leave was granted to amend the warrant to conform to the affidavit. Such leave was appropriately granted, and the defendant has failed to show that he was in any way prejudiced in this connection.

The former Section 2937.03, Revised Code (Recodification Act of 1953), providing for an amendment of the warrant or information to conform to the facts and the evidence, has been repealed. However, the last sentence thereof contained a truism which is still valid so far as the amendment of a warrant is concerned: "Such amendment does not change the nature of the charge."

Also, former Section 2935.18, Revised Code (Recodification Act of 1953), providing for amendment or replacement of defective warrants has been repealed, thereby eliminating those provisions.

Present Section 2937.05, Revised Code (128 Ohio Laws, 97, 104), provides when and how an affidavit or complaint may be amended. It is silent as to amendment of a warrant. In com-

ments upon this statute it has been pointed out that "The new section should do away with the rather useless procedure of 'amending the warrant,' provided for in the past." 20 Ohio State Law Journal, 652, 660.

The report of the Criminal Law Committee of the Ohio State Bar Association contains this comment upon Section 2937.05, Revised Code, *supra*, which was then being proposed:

"This proposal should solve the main portion of the problem raised in present [Section] 2935.18. The primary concern should be with the charge itself as set forth in the affidavit or complaint, not in the warrant which is mere machinery for getting the accused before the court. Of course, amending affidavits is improper and illegal without re-swearing the affiant, but amending warrants is silly and unproductive." 31 Ohio Bar (May 12, 1958), 411, at page 431.

The first assignment of error is not well made.

The second assignment of error is that the affidavit fails to charge an offense. The first ground of this assignment is that the affidavit fails to charge knowledge or intent.

Section 2941.05, Revised Code, authorizes the framing of a charge in the words of the statute; and the charge in this case is based upon Section 3773.24, Revised Code, which contains no reference to knowledge or intent.

The law is well settled that where the basic statute is silent on the question of intent, averments of guilty knowledge, criminal intent, or *scienter* are not necessary. See *State* v. *Huffman*, 131 Ohio St., 27, 1 N. E. (2d), 313; *State* v. *Healy*, 156 Ohio St., 229, 102 N. E. (2d), 233.

A second basis for the second assignment of error is the argument that it is necessary to a complete statement of such a charge that the exceptions contained in the statute should be negatived. Counsel argue that this is always necessary in charging an offense which is malum prohibitum rather than malum in se. We are not aware of such a rule. It is our understanding that the determinative question is whether the negative averments are a necessary part of the description of the offense. It is so stated, in the process of considering a different statute, in the case of *Hirn* v. *State*, 1 Ohio St., 15, cited by appellant.

The exceptions in our present statute are not a part of the description of the offense; they constitute affirmative defenses which a defendant is required to establish by the greater weight of the evidence. *State* v. *Haase*, 97 Ohio App., 377, 116 N. E. (2d), 224; *State* v. *Ginnis*, 109 Ohio App., 261, 158 N. E. (2d), 553.

The second assignment of error is not well founded.

The third assignment of error is that the wrong person was charged. The contention is that the business was owned by a corporation and that therefore an individual ought not to be charged.

We find this argument untenable. Criminal liability is personal.

The statute creating these offenses forbids their commission by a "person, firm, or corporation." If a corporation offends, it is necessary that it do so through the action of an individual; if an individual offends, either on his own account or on behalf of a corporation, either he or both are criminally responsible. One may be the principal offender while the other aids, abets or procures the commission of the offense. Section 1.17, Revised Code. The guilt of one will not exculpate the other.

For his fourth and last assignment of error appellant asserts that the statute is unconstitutional. His forceful arguments on this point have been effectively presented. We recognize that the subject is controversial and that those seeking enforcement may be moved by a variety of motives.

If the question were one of first impression, we would be prompted to serious discussion of some of the arguments advanced. But the Supreme Court has determined that these questions are proper matters for the consideration of the Legislature and not the courts. In the case of *State* v. *Kidd*, 167 Ohio St., 521, 150 N. E. (2d), 413, that court has thoroughly considered and disposed of all the important contentions now made against the validity of the statute.

Since that decision was rendered, the statute has been amended by adding to the list of permissible activities and by broadening them to include the providing of services and commodities incident to the activities exempted. Careful examination of the language of the Supreme Court in the *Kidd case*

convinces us that the decision is equally applicable to the statute in its present form. Bound as we are to follow the law as declared by the Supreme Court, we find that the fourth assignment of error is not well made.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.