THE STATE OF OHIO, APPELLEE, *v.* WHITT, APPELLANT.

[Cite as State v. Whitt, 3 Ohio App. 2d 278.]

(No. 2795—Decided June 16, 1964.)

*M. John Adams,* for appellee.
*Mr. Peirce Wood,* for appellant.

CRAWFORD, J. Defendant, appellant herein, was tried by the Municipal Court of Kettering without a jury and found guilty of permitting a building to be open for the transaction of business on Sunday, contrary to Section 3773.24, Revised Code, and fined $25 and costs.

On appeal to this court he assigns two errors: (1) the overruling of his demurrer to the complaint and of his motion to dismiss at the close of the evidence, and (2) the finding of guilty upon insufficient evidence.

The complaint reads as follows:

"COMPLAINT

January 7, 1963

State of Ohio        )
Montgomery County) ss
City of Kettering    )

"The undersigned, Assistant Law Director and Prosecutor of Kettering, Montgomery County, Ohio, complains that on or about Sunday the 6th day of January, 1963, one Wesley D.

Whitt of 5277 Buckner Drive, Dayton, Ohio, did suffer or permit a building to be open for transaction of business on Sunday, to-wit: the Beerman's Store No. 10, at 2300 South Smithville Road, Kettering, Ohio. This act having occurred at approximately 1:30 P. M. contrary to Section 3773.24 of the Ohio Revised Code, based on affidavit of Bill Hicks filed with me.

''(Sgd.)  Gaile  D.  Moore

GAILE D. MOORE, Assistant Law Director and Prosecutor of the City of Kettering, Ohio.

''Received this *8th* day of January, 1963.

'' [Sgd.]  Kathleen  Bachand

CLERK  OF  COURT''

The demurrer advanced eight grounds, designated in the brief A to H, inclusive.

(A) It is contended that the complaint is indefinite and vague in that it does not specifically indentify the date on which the alleged offense occurred, reciting merely that it was ''on or about the 6th day of January, 1963.'' It is argued that unless the acts complained of were done on Sunday, January 6, they do not constitute an offense and that, therefore, the precise date is material.

Counsel for plaintiff says that Section 3773.24, Revised Code, prohibits certain activities on any Sunday, whatever the date, and that, inasmuch as it is common knowledge that January 6, 1963, was a Sunday, the complaint fully informs the defendant of the offense charged. He further asserts that the complaint follows the form prescribed by Section 2935.17, Revised Code.

Plaintiff's view is sustained by the First District Court of Appeals in *State, ex rel. Richardson,* v. *Gorman, Judge,* 117 Ohio App. 244. In the second paragraph of the syllabus, the court said:

''An affidavit charging a violation of the transaction of business on Sunday law (Section 3773.24, Revised Code) 'on

or about the 30th day of September, A. D. 1962,' is not defective for failure to charge that the violation occurred 'on Sunday,' judicial notice being taken of the fact that such date fell on a Sunday.''

The complaint now before us alleges the offense more specifically than in the case cited. It designates the 6th day of January, 1963, as Sunday and further charges that the act complained of occurred on Sunday.

The complaint appears adequate and valid in this respect.

(B) The complaint is said to be indefinite and vague also because it charges an offense in the disjunctive, asserting that the defendant did "suffer *or* permit * * *.'' (Emphasis added.) There appears to be remarkably little direct authority on this question, none recently. Counsel have cited the only two related cases we have found where the disjunctive was used in the charge: *Ryan* v. *State*, 5 C. C. 486, 3 C. D. 238; and *Gilliam* v. *State*, 7 N. P. (N. S.) 482, 19 O. D. N. P. 132.

"Where a single offense may be committed in different ways, a count is not duplicitous which charges the commission of the offense conjunctively in two or more ways, provided there is no repugnancy between the ways charged,* * *'' 28 Ohio Jurisprudence 2d 475, Indictment and Information, Section 64 (and see cases cited).

The use of the disjunctive leaves the statement of the offense uncertain as to which of the alternatives is charged. It is only when the alternatives are so nearly identical as to avoid confusion that the disjunctive is permissible. See further in 28 Ohio Jurisprudence 2d 476, Indictment and Information, Section 64; and *Gilliam* v. *State*, 7 N. P. (N. S.) 482, at p. 486.

According to both legal and standard dictionaries, the words ''suffer'' and ''permit'' are synonymous and practically indistinguishable. Hence, in this particular case we perceive no confusion and no ambiguity.

(C) The complaint is said to be defective in not stating the type of business suffered or permitted. The only case cited is that of *Spaith* v. *State*, 22 W. L. B. 323, 10 O. D. Rep. 639. That case involved a charge of performing common labor on Sunday. The precise definition of the term ''common labor'' has been attended with peculiar difficulty. Hence, that case is at best only remotely related to this.

Plaintiff cites the case of *South Euclid* v. *Bondy*, 92 Ohio Law Abs. 108, in support of the proposition that it is necessary only to allege and prove that defendant made a sale on Sunday at a store when it was open to the public for the transaction of business.

The complaint before us completely identifies and locates the "building or place" and names the specific store which was suffered or permitted to be open for business.

(D) The complaint does not conclude with the words, "against the peace and dignity of the state of Ohio," as is prescribed for indictments by Section 20, Article IV of the Constitution. It was held in *Fendrick* v. *State* (1906), 9 C. C. (N. S.) 49, beginning on p. 50, that:

"* * * There is no such requirement as to affidivits upon which prosecutions for minor offenses are founded. Nor is it necessary. If the affidavit describes the crime, the court will take judicial notice that it is contrary to the statutes, and if contrary to the criminal statutes, it is against the peace and dignity of the state of Ohio."

Subsequent to that decision, what is now Section 2941.35, Revised Code, was enacted in 1929, making the laws as to form and sufficiency of indictments applicable to affidavits and warrants thereon in misdemeanor cases.

However, we have been referred to no authority holding that the omission of the words in question constitutes a fatal defect, and the reasoning of the court in the *Fendrick case* remains persuasive. Furthermore, the complaint meets the requirements declared to be sufficient in Sections 2941.03 and 2941.05, Revised Code. The omission of the words quoted is not a defect or imperfection tending to prejudice the substantial rights of the defendant upon the merits. Section 2941.08 (K), Revised Code.

(E) Defendant offers a similar argument upon the omission to state in the complaint that the prosecution is brought in the name of the state of Ohio.

Plaintiff observes that the form prescribed in Section 2935.17 (B), Revised Code (128 Ohio Laws 97, 101), makes no reference to the necessary caption. Whatever may be the force of that observation, the arguments on both sides of this question are similar to those made under paragraph (D) above,

and our comments thereunder are generally applicable here.

We would point out, also, that in what was apparently the defendant's first filing in the Municipal Court entitled "Motions to Quash," he sets up a caption indicating that the state of Ohio is plaintiff and he himself defendant. Hence, there was obviously no confusion on this score.

(F) Defendant objects that he is charged as an individual without a specification as to the capacity in which he is supposed to have been acting.

Criminal responsibility is personal. The capacity in which defendant is supposed to have acted (namely, as assistant manager) is a matter of evidence.

(G) The complaint is said to be defective because it fails to allege that the acts complained of were not works of necessity or charity or otherwise did not come within the exceptions in the statute. Defendant cites *Goldsmith* v. *State*, 13 C. C. (N. S.) 148, 22 C. D. 160.

The rule in that case has been superseded:

"Generally, all the elements necessary to constitute a crime must be averred in a criminal charge. However, the Code, by a provision which has been effective since July 21, 1929, declares that no indictment or information for any statutory offense shall be deemed objectionable for failure to negative any exception, excuse, or proviso contained in the statute creating or defining the offense. [Section 2941.10, Revised Code] This provision has been applied to indictments for the violation of the Sunday laws, * * *." 50 Ohio Jurisprudence 2d 487, Sundays and Holidays, Section 38, citing *State* v. *Haase*, 97 Ohio App. 377.

This court decided to the same effect in *State* v. *Carney*, 113 Ohio App. 280.

(H) Finally, it is contended that the statute under which the complaint is brought is unconstitutional. This court decided to the contrary in *State* v. *Carney*, 113 Ohio App. 280. We followed the decision of the Supreme Court in *State* v. *Kidd*, 167 Ohio St. 521.

The second assignment of error, that the court found the defendant guilty upon insufficient evidence and the overruling of his motion to dismiss at the conclusion of the evidence (which was listed as part of the first assignment), will be considered together.

There were but two witnesses at the trial, both called by the state. They were Sgt. James D. Cox and Detective William Hicks of the city of Kettering police force. Both testified that about 1:05 p. m. on Sunday, January 6, 1963, they entered the store in question, which was open; that automobiles were parked in the parking lot near the store; that there were employees inside; that the lights were on; that people were entering and leaving and "making purchases," "shopping. They were looking at items, picking them up and examining them"; that Sgt. Cox purchased three items: one package each of snapping mottoes, paper cocktail napkins, and alphabetical index cards, for a total price of seventy-seven cents plus three cents tax; that the defendant, as assistant manager, was in charge; that the officers approached a cashier and asked for the manager; that the defendant appeared and said he was the assistant manager and had opened the store at twelve o'clock noon; and that there were approximately twenty-two employees on duty.

The defendant presented no evidence. The evidence outlined above was sufficient to support the finding of the court.

It is argued that the items purchased came within the exceptions of the statute, the snapping mottoes and cocktail napkins being for amusement and the alphabetical index cards a necessity, for the use of the sergeant who, it is urged, must have purchased them for use in keeping police records in his home. There is no actual evidence that any of these things were purchased for any purpose except for use as evidence.

It is contended that such purpose in itself made their purchase and sale a work of necessity. We do not believe it can be seriously contended that such was intended to be the meaning of the word "necessity."

The real question is whether the nature of the business carried on by the defendant falls within any of the exceptions in the statute. Its nature is not dependent upon the use to which the purchaser puts the article purchased, or upon his purpose in purchasing it. The fact that a purchaser might use it for private recreation, or that he had great or practical need of it, does not determine the character of defendant's business, or serve to make it a work of necessity or recreation. *City of Euclid* v. *MacGillis* (1962), 117 Ohio App. 281.

A contention that the act complained of falls within the

exceptions of the statute is an affirmative defense, which the defendant has the burden of establishing by the greater weight of the evidence. *State* v. *Haase,* 97 Ohio App. 377; *State* v. *Ginnis,* 109 Ohio App. 261; *State* v. *Carney,* 113 Ohio App. 280.

We find no indication from the record that the business suffered or permitted by the defendant fell within the exceptions of the statute contended for by the defendant, that is, that it was either a "work of necessity" or in the nature of "recreation, sports, amusements, entertainment, or exhibitions or the providing of services and commodities incidental thereto," as set forth in Section 3773.24, Revised Code. The business is referred to as a "store," a "Beerman Store," "Beerman's Store," "Beerman's for Bargains," and as a place where one might shop "for your own household and family."

Defendant offered no evidence of his own, and added nothing to that of the state. The court was justified upon the record in finding that defendant had not met the burden of proving as an affirmative defense that the business suffered or permitted by the defendant fell within any of the exceptions in the statute.

Finding no error prejudicial to the rights of the defendant, and that the judgment is adequately supported by evidence, we must conclude that the judgment should be affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.