THE STATE OF OHIO, APPELLEE, *v.* MAZES, APPELLANT.

[Cite as State v. Mazes, 7 Ohio St. 2d 136.]

(No. 39520—Decided July 13, 1966.)

*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Michael N. Nikolin,* for appellee.

*Messrs. Brown, Schulzinger & Immerman, Mr. Allen Brown* and *Mr. George C. Katsanis,* for appellant.

HERBERT, J.   A casual glance at the specimen of nudity displayed on the front cover and the depraved sex comments on the back cover of the book, "Orgy Club" (see *Ginzburg* v. *United States,* — U. S. —, 16 L. Ed. 2d 31), appears sufficient to bring notice to appellant that he had in his possession and was offering for sale a book that was in probable violation of the provisions of Section 2905.34 of the Revised Code.

The obscene material found between the covers, viewed from any standpoint, is utterly without redeeming social value.

*A Book* v. *Attorney General of Massachusetts* (March 21, 1966), 16 L. Ed. 2d 1, lays down three principles applicable to the case at bar:

"* * * three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

Each of the foregoing elements is applicable to "Orgy Club."

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

138

SCHNEIDER, J., concurring. The indictment in this case charges an offense under Section 2905.34, Revised Code. It is an offense under that section to "exhibit * * * in a place which may be within the view of a minor, any" book as described in the opinion of the court.

The evidence is undisputed that at the time the book was seized and the defendant was arrested, the book was on a rack on which a sign was placed reading, "You must be over 21 to purchase one of these books." However, the arresting officer testified, without objection, that "there were several young boys in the store" looking at the rack. This fact is uncontroverted.

In addition, the prosecuting attorney was permitted to argue that the jurors should consider whether they would allow the book to be seen by their children. Appellant now contends that that argument was erroneous, but he makes no claim that an objection thereto was interposed instanter. Furthermore, none of the arguments are a part of the record, and, therefore, any claimed error contained therein will not be considered on review.