THE STATE OF OHIO, APPELLEE, *v.* I. & M. AMUSEMENTS, INC., APPELLANT.

[Cite as State v. I. & M. Amusements, Inc., 10 Ohio App. 2d 153.]

154

Mr. *Raymond E. Shannon* and Mr. *Calvin W. Prem*, for appellee.

Mr. *Allen Brown* and Mr. *Harry A. Abrams*, for appellant.

HOVER, J.  This is an appeal as of right from a judgment against the defendant corporation in the court below wherein it was convicted of violating Section 2905.34 of the Revised Code in that it did unlawfully and knowingly exhibit an obscene motion picture film.  A jury was waived in the court below and the evidence submitted solely to the judge.  In this event, under the law of Ohio, the judge himself acts as the presiding officer at the trial and as a jury in determining factual issues.  (See 53 Ohio Jurisprudence 2d 348 to 354, inclusive.)  The appeal was heard in this court on defendant-appellant's assignments of error, a transcript of the trial proceedings including the exhibits considered by the court, and the briefs and arguments of counsel.

Defendant assigns some twenty alleged errors, of which several require consideration here.  The operative facts are not in dispute.  On the day before the arrest, the attention of the police was called to the movie specifically involved here by an interested civilian with whom a police officer visited the theater and viewed the motion picture.  The next day two police officers returned to the theater, viewed the same motion picture, made an arrest and took possession of the evidence, that is, the film.  This was viewed by the trial court sitting as a jury, and was also reviewed by this court in its examination of the record.

The film shown was advertised in the public press at the time of the showing and was the subject of a permit received by the defendant, required by city ordinance pursuant to an admission-tax ordinance of the city.

Defendant's assignments of error relative to the weight of the evidence before the jury (in this case the court) is not an appropriate subject for review here, where the record shows that there is sufficient evidence in the record, if believed by the trier of the facts, to justify the conviction.

Defendant's assignments of error relative to the defendant's intent, *mens rea* and *scienter,* are not well taken upon authority of *State* v. *Mazes,* 7 Ohio St. 2d 136; *State* v. *Mazes,* 3 Ohio App. 2d 90; and *Mishkin* v. *New York,* 383 U. S. 502, since, as it will appear, *infra,* the corporation acts solely through its agents who, in this instance, both advertised and exhibited the alleged obscene material. The knowledge of the agent acting within the scope of his employment will be attributed to the corporation in the ordinary operation of a motion picture theater. It would do violence to one's intelligence to suggest that the agents acquiring and exhibiting the corporation's product for public consumption would not be aware of the content and nature of the attraction offered at any given time.

Defendant further complains that the exhibit seized by the police and viewed as evidence by the court did not carry any title to connect it with the feature advertised by the theater.

Suffice it to say, there is no doubt that the exhibit viewed by the court below was conclusively identified by the police witnesses as the film exhibited at the theater performance. It might well be observed at this point, in the words of the poet, that "a rose by any other name would smell as sweet."

The same thing might be said of the defense expert witness on the subject of motion picture standards and practices, that the one segment of the film in question was simply "a documentation of moving pinups, in some cases static pinups,"—a pinup being "simply females who are, who have exposed, who are undressed within the convention of a pinup. A pinup is simply a convention of undress which excludes any dress other than a covering in the lower regions of some standard form. The movie I say was a documentation of a series of pinups who, in some cases, were in motion. In most cases were static."

The expert witness defines a convention, as he uses the term, as "an established and presumably accepted form of appearance and performance that is established over the years as being a conventional way of appearing and performing for

whatever purpose in artistic endeavor." Obviously, this does not conform to the standards of obscenity set out in the *Roth* v. *United States*, 354 U. S. 476, nor is it helpful in defining the standards of this community. The statute as written and interpreted sets out no special standards or exceptions for theatrical presentation, and the law must apply the same obscenity standard to any material regardless of the medium of circulation or exhibition.

In addition to either the static or moving pinups, the court below made a specific finding in regard to one series of scenes in the film that, "two women, at least nude to the waist, going through actions that could lead to no conclusion in my opinion except that they were behaving like lesbians."

Lastly, as pointed out in *State* v. *Carney*, 113 Ohio App. 280, the corporation may be equally guilty of an offense along with those individuals who perform the same acts on its behalf. The court states correctly at page 283:

"* * * If a corporation offends, it is necessary that it do so through the action of an individual; if an individual offends, either on his own account or on behalf of a corporation, either he or both are criminally responsible. One may be the principal offender while the other aids, abets or procures the commission of the offense. Section 1.17, Revised Code. The guilt of one will not exculpate the other."

There is a thorough discussion of the criminal liability of corporations, even where intent or malice or similar mental states are involved, acting through agents within the scope of their authority. See 19 Corpus Juris Secundum 1073 through 1079.

In view of the foregoing, it is the opinion of this court that there was no error prejudicial to the rights of defendant in the trial below, and the verdict and judgment are, accordingly, affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.