THE STATE OF OHIO, APPELLEE AND CROSS-APPELLANT, *v.* WILLIAMS ET AL., APPELLANTS AND CROSS-APPELLEES.

(Nos. 11440 and 11462 — Decided May 23, 1984.)

*Lynn C. Slaby,* prosecuting attorney, for appellee and cross-appellant.

*Jerry Roubenes* and *Dean Konstand,* for appellants and cross-appellees.

GEORGE, J.  On February 23, 1983, Richard Perrone, age eleven, came to school with illegal drugs. He gave a classmate Snoopy stamps laced with lysergic acid diethylamide (LSD). The classmate became ill after licking one or two of the stamps.

The school principal recovered the drugs from Richard. In addition to the LSD, Richard had marijuana and hashish. The police were called to the school. Richard said he received the drugs from Bernard Williams, III (Bee Gee), age six. Richard further told that the drugs came from the Williams' residence. The defendants, Bernard and Nancy Williams, were found guilty by a jury of drug abuse, corrupting another with drugs, and child endangering. The count of child endangering was subsequently dismissed by the trial court. The state appeals the dismissal of the child endangering count. The defendants appeal their convictions for drug abuse and corrupting another with drugs. This court affirms the judgment of the trial court.

### State's Assignment of Error

"The trial court erred in dismissing count four of the indictment for failing to include recklessness as the requisite culpable mental state of O.R.C. 2919.22, endangering children."

### Defendants' Assignment of Error 8

"The trial court erred in its instruction to the jury relative to the offense of endangering children when it instructed as a matter of law, that a parent of a child has a duty to keep dangerous or illegal drugs possessed by such parents away from and inaccessible to such minor child."

All elements of the offense must be alleged in order for the indictment to charge a criminal offense. *Harris* v. *State* (1932), 125 Ohio St. 257; and *State* v. *Cimpritz* (1953), 158 Ohio St. 490 [49 O.O. 418]. Here, the defendants were charged with child endangering pursuant to R.C. 2919.22(A). The indictment failed to specify a culpable mental state. The trial court found that the requisite mental state was recklessness. Since this was not contained in the indictment, the trial court ruled that the indictment was insufficient to charge an offense and was thus void.

Subsection (A) of the child endangering statute, R.C. 2919.22, has previously been determined by this court to impose strict liability. *State* v. *Tomer* (Nov. 1, 1978), Summit App. No. 8857, unreported; and *State* v. *Firis* (Oct. 19, 1983), Medina App. No. 1254, unreported. Neither subsections (A) nor (B) or R.C. 2919.22 specifies a culpable mental state.

The Ohio Supreme Court held, however, in *State* v. *Adams* (1980), 62 Ohio St. 2d 151, that recklessness was the culpable mental state required for child endangering as charged under subsection (B). The requirements for criminal liability are provided within R.C. 2901.21 which provides in part:

"(B)  When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. *When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.*" (Emphasis added.)

In *Adams* the court reasoned that where a criminal statute failed to designate the degree of culpability, then it is presumed to be recklessness, unless strict liability is plainly indicated. Since R.C. 2919.22(B) did not plainly impose strict liability, the culpability was held to be recklessness. It follows that the reasoning employed in *Adams* and the similarity between the two subsections within R.C. 2919.22 require that the same rationale should be applicable to

subsection (A). Therefore, the culpable mental state required for a conviction under R.C. 2919.22(A) is recklessness. Accordingly, *Tomer* and *Firis* are over-ruled to the extent that they hold that R.C. 2919.22(A) imposes strict liability. Since the indictment did not include the culpable mental state, it was lacking an element sufficient to charge the offense of child endangering under R.C. 2919.22(A).

The state's assignment of error is overruled. Further, in light of this court's holding, the defendants' cross-assignment of error is moot. * * *[1]

This court holds that the defendants' convictions for corrupting another with drugs are affirmed. Further, the trial court properly dismissed the count of child endangering.

*Judgment affirmed.*

QUILLIN, J., concurs.

BAIRD, P.J., dissents in part and concurs in part.

BAIRD, P.J., dissenting in part and concurring in part. I dissent from the holding of the majority with respect to the state's assignment of error. Since I also believe that the instruction on child endangering was erroneous, I would sustain defendants' Assignment of Error 8 and remand the child endangering count for a new trial.

I concur in the majority's disposition of the balance of the case.[2]

─────────

[1] Reporter's Note: The text of the opinion as it appears herein was abridged by Judge George.

[2] In order that today's ruling may be accepted as the view of this court relative to the culpable mental state required in connection with endangering children, R.C. 2919.22(A), the following statement is promulgated. Should this issue again reach this court, I would feel compelled to join in the ·result reached by today's majority, based on *stare decisis,* as established by this case.