[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 193.]

THE STATE of OHIO, APPELLEE, v. MCGEE, APPELLANT.

[Cite as *State v. McGee*, 1997-Ohio-156.]

*Criminal law–Endangering children–Existence of culpable mental state of recklessness is an essential element under R.C. 2919.22(A).*

The existence of the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C. 2919.22(A).

(Nos. 96-210 and 96-387–Submitted March 4, 1997–Decided July 16, 1997.)

APPEAL from and CERTIFIED by the Court of Appeals for Logan County, No. 8-94-38.

———————————

{¶ 1} On February 22, 1994, DeAnna McGee learned that her twenty-month-old son Chad could remove the grate that covered the heating duct in his bedroom. Chad had thrown toys into the duct and tried to retrieve them. McGee, concerned for Chad's safety, called her landlord to inform him that the grate was not securely fastened.

{¶ 2} The landlord told McGee that she would be charged a fee if a maintenance man secured the grate and removed the toys. McGee decided to ask her boyfriend to help her. McGee's boyfriend removed the toys, but neither she nor he secured the grate.

{¶ 3} On February 24, 1994, Chad removed the grate, climbed into the heating duct and became trapped. The heat emitted by the furnace severely burned his lower extremities. The resulting loss of body fluid caused his heart to stop. He died while still trapped within the heating duct.

{¶ 4} McGee was indicted for endangering children in violation of R.C. 2919.22(A). The case proceeded to a bench trial. When the prosecution concluded its case-in-chief, McGee moved for a judgment of acquittal on the basis that the

indictment did not allege and the evidence did not show recklessness, which, McGee argued, is an essential element of child endangering under R.C. 2919.22(A). The trial court overruled the motion, holding that negligence, not recklessness, is the culpable mental state under R.C. 2919.22(A). McGee was found guilty and sentenced to a definite term of imprisonment of one and one-half years. The court of appeals affirmed the conviction, finding that "the culpable mental state described in R.C. 2919.22(A) is negligence" and that "there [was] sufficient evidence before the court to meet the negligence standard."

{¶ 5} The court of appeals entered an order certifying its judgment as in conflict with the judgments of the First, Fourth, Sixth, Ninth, Tenth, and Eleventh District Courts of Appeals in *State v. Barton* (1991), 71 Ohio App.3d 455, 594 N.E.2d 702; *State v. Meeker* (Sept. 15, 1986), Ross App. No. 1146, unreported, 1986 WL 11029; *State v. Gray* (Apr. 29, 1988), Lucas App. No. L-87-204, unreported, 1988 WL 39727; *State v. Williams* (1984), 21 Ohio App.3d 12, 21 OBR 13, 486 N.E.2d 113; *State v. Wright* (1986), 31 Ohio App.3d 232, 31 OBR 515, 510 N.E.2d 827; and *State v. Schoolcraft* (May 29, 1992), Portage App. No. 91-P-2340, unreported, 1992 WL 276661. This court found that a conflict existed and ordered that the cause, case No. 96-387, be consolidated with the discretionary appeal, case No. 96-210. 75 Ohio St.3d 1424, 662 N.E.2d 26.

{¶ 6} The cause is now before this court.

———————————

*Gerald L. Heaton*, Logan County Prosecuting Attorney, and *Mark A. Losey*, Assistant Prosecuting Attorney, for appellee.

*Marc S. Triplett*, for appellant.

———————————

**PFEIFER, J.**

{¶ 7} In this case, we are asked to determine whether recklessness is an essential element of the crime of endangering children pursuant to R.C. 2919.22(A).

We conclude that it is. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this decision.

{¶ 8} R.C. 2919.22(A) states that "[n]o person, who is the parent * * * of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."

{¶ 9} No degree of culpability is specified on the face of R.C. 2919.22(A). R.C. 2901.21(B) states that "[w]hen the section [defining an offense] neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 10} This court has previously held that the "[e]xistence of the culpable mental state of recklessness is an essential element of the crime of endangering children." *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144, paragraph one of the syllabus (construing R.C. 2919.22[B][2]); *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144, paragraph one of the syllabus (construing R.C. 2919.22[B][3]). In each case, the relevant statute did not specify the required degree of culpability or plainly indicate that the General Assembly intended to impose strict liability. The language of R.C. 2901.21(B) was dispositive, and the required degree of culpability was held to be recklessness. See *Adams*, 62 Ohio St.2d at 152-153, 16 O.O.3d at 170, 404 N.E.2d at 145-146; *O'Brien*, 30 Ohio St.3d at 124, 30 OBR at 437, 508 N.E.2d at 146.

{¶ 11} While *Adams* and *O'Brien* involved R.C. 2919.22(B)(2) and 2919.22(B)(3), respectively, and this case involves R.C. 2919.22(A), we find no reason to depart from their logic. R.C. 2919.22(A) neither specifies a degree of required culpability nor plainly indicates that the General Assembly intended to impose strict liability. Accordingly, we hold that the existence of the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C. 2919.22(A).

**{¶ 12}** "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375; *State v. Wilson* (1996), 74 Ohio St.3d 381, 393, 659 N.E.2d 292, 306; *State v. Jenks* (1991), 61 Ohio St.3d 259, 263, 574 N.E.2d 492, 496. Recklessness is an essential element of the crime charged, and the defendant was not found to have acted recklessly. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this decision.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., concur in part and dissent in part.

DOUGLAS, J., dissents.

———————————

**ALICE ROBIE RESNICK, J., concurring in part and dissenting in part.**

**{¶ 13}** I concur in the syllabus and the majority's determination that recklessness is the correct standard of proof in a child-endangering case. However, I disagree with the majority's statement that "the defendant was not found to have acted recklessly." The evidence in this case supports not only a negligence standard, but also a reckless standard.

**{¶ 14}** "Reckless" is defined in R.C. 2901.22(C):

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

**{¶ 15}** The appellant was well aware that her son was capable of removing the grate and that he had placed items in the heating duct.  In spite of this knowledge, she left the child alone in this environment.  The court could have found from the evidence that appellant, with heedless indifference to the consequences, had perversely disregarded a known risk.

**{¶ 16}** I would find not only that appellant acted negligently, but that she acted recklessly, and I would affirm the conviction.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

_____