OPINION
{¶ 1} Appellant Jennifer Perrine appeals the decision of the Alliance Municipal Court that found her guilty of one count of child endangering. The following facts give rise to this appeal.
{¶ 2} In the early morning hours of June 30, 2001, Laverne Draper called the Alliance Police Department to report that she found appellant's son, four-year-old Alec Ornowski, in the street crying. The child was attempting to get into a house across the street from Mrs. Draper's house. Officer Stephen Minnich responded to the call. Alec told Officer Minnich that he wanted his "Janna." Thereafter, Alec led Officer Minnich to his residence, which was a block away from where Officer Minnich found him.
{¶ 3} Upon arriving at the residence, Officer Minnich observed that the back door and screen door were wide open. Inside the residence, Officer Minnich discovered two babysitters, Bruno Lindo, age twelve, and Shane Kinsley, age thirteen, and Alec's sister, five-year-old Emmery Ornowski. Emmery was awake and watching cartoons. Both Bruno and Shane were asleep. The babysitters were unable to provide Officer Minnich with appellant's last name and did not know appellant's whereabouts.
{¶ 4} The babysitters informed Officer Minnich that appellant had last been at the residence between 11:00 p.m. and 11:30 p.m. Also, Shane stated that Janna Swoape, appellant's friend, left her cell phone at her residence, which was located nearby, if the children needed to use it. However, the babysitters did not have an emergency contact number where they could reach appellant.
{¶ 5} Subsequently, Officer Minnich took appellant's children back to the police department and notified Children's Protective Services. Appellant arrived at the police department at approximately 5:00 a.m. to report her children missing. Appellant was arrested and charged with two counts of child endangering in violation of R.C. 2919.22(A).
{¶ 6} This matter proceeded to a bench trial on October 11, 2001. At the conclusion of the trial, the court found appellant guilty of one count of child endangering, as it pertained to Alec, and not guilty, on the other count, as it pertained to Emmery. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. THE JUDGMENT OF THE TRIAL COURT CONVICTING DEFENDANT-APPELLANT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."
 I
{¶ 8} Appellant maintains, in her sole assignment of error, the trial court's decision finding her guilty of child endangering, as it pertains to her son Alec, is against the sufficiency of the evidence. We agree.
{¶ 9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. It is based upon this standard that we review appellant's sole assignment of error.
{¶ 10} R.C. 2919.22, the child endangerment statute, provides as follows in Section (A):
 {¶ 11} "(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *"
{¶ 12} R.C. 2901.01(A)(8) defines "substantial risk" as "* * * a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." Under R.C. 2919.22(A), the culpable mental state of "recklessness" is an element of the crime. State v. McGee,79 Ohio St.3d 193, 195, 1997-Ohio-156. R.C. 2901.22(C) defines "recklessness" as follows:
 {¶ 13} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
{¶ 14} An inexcusable failure to act in discharge of one's duty to protect a child where such failure to act results in a substantial risk to the child's health or safety is an offense under R.C. 2919.22(A). Statev. Kamel (1984), 12 Ohio St.3d 306, 309.
{¶ 15} In the case sub judice, the trial court concluded the allegedly messy condition of appellant's residence did not create a "substantial risk" to the children. Tr. at 121. However, the trial court found that appellant's decision to leave her five-year-old son, with the two babysitters, created a "substantial risk" due to the dangerous nature of the neighborhood where they live. Id. at 121-122. The trial court further noted that most five-year-old boys are very active and appellant violated her duty of care as it pertains to her son. Id. at 123. Finally, the trial court stated that a five-year-old boy gets into more trouble than a five-year-old girl. Id. at 126.
{¶ 16} Based upon our review of the evidence, we conclude appellant's conviction for one count of child endangering is not supported by the sufficiency of the evidence. The evidence introduced by the state, at trial, does not support the conclusion that appellant created a "substantial risk" to the health and safety of her five-year-old son.
{¶ 17} Instead, the evidence establishes that appellant hired two babysitters, ages twelve and thirteen. Id. at 78, 90. Appellant reviewed the rules for the evening prior to leaving the residence. Id. at 60. The babysitters knew they had access to a telephone, at the neighbor's house, if a problem arose. Id. at 95. Further, appellant's residence was two houses down from Bruno's residence. Id. at 108. The record also indicates appellant checked on her children at approximately 11:30 p.m., at which time her son was asleep and Bruno was awake. Id. at 78-79. At 1:00 a.m., Bruno awoke and checked on the children, at which time they were both asleep. Id. at 85.
{¶ 18} Based upon the above testimony, we find the state failed to present sufficient evidence to establish, beyond a reasonable doubt, that appellant acted recklessly and created a substantial risk of harm when she permitted a twelve-year-old and a thirteen-year-old to watch her son. We would note that this court reached the same conclusion in a case similar to the facts presented in this matter wherein a nine-year-old and an eleven-year-old were babysitting a four-year-old and an eight-year-old. See Village of Utica v. Billman (Sept. 7, 2001), Licking App. No. 01 CA 24.
{¶ 19} Accordingly, appellant's sole assignment of error is sustained.
{¶ 20} For the foregoing reasons, the judgment of the Alliance Municipal Court, Stark County, Ohio, is hereby reversed.
By: WISE, P.J. EDWARDS, J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio is reversed.
Costs to Appellee State of Ohio.