**CITY OF LAKEWOOD, Appellee,**

v.

**CALANNI, Appellant.**

[Cite as *Lakewood v. Calanni,* 154 Ohio App.3d 703, 2003-Ohio-5246.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82119

Decided Oct. 2, 2003.

704

Kevin M. Spellacy, Director of Law, and Andrew S. Robinson Jr., Assistant City Prosecutor, for appellee.

Blackie & Associates, L.L.C., and William E. Blackie III; Lillie & Holderman and Sean F. Kelleher, for appellant.

---

Frank D. Celebrezze Jr., Judge.

{¶ 1} Appellant, Charles Calanni, appeals from the decision of the Lakewood Municipal Court, which denied his motion to dismiss a complaint for violation of a zoning ordinance filed by appellee, the city of Lakewood. For the following reasons, we affirm the decision of the lower court.

{¶ 2} The facts in this case are not in dispute. Charles Calanni owns and operates Calanni Auto Service, a motor vehicle repair shop located at 13728 Madison Avenue in Lakewood, Ohio. Calanni Auto Service engages in all areas of general automobile and engine repair, including glass, tire, and muffler replacement. Calanni Auto Service does not engage in the sale of automobiles, gasoline, or diesel fuel, nor is it an automobile rental agency.

{¶ 3} On June 6, 2002, Calanni was served with a complaint filed by the city of Lakewood for having an immobilized and/or unlicensed vehicle on his property for more than three consecutive days, in violation of the Lakewood Codified Ordinance ("L.C.O.") 1143.09.

{¶ 4} The complaint was supplemented with a copy of the Lakewood Building Department's request for summons and report synopsis. The report synopsis listed a blue Dodge Spirit (Vehicle Identification Number 1B3XA4532KF877662) that had an expired license plate (No. COF5919) and had been on the Calanni property from May 24 through May 28, 2002.

{¶ 5} Calanni filed a motion to dismiss, claiming that he was exempt from prosecution under L.C.O. 1143.09 because his business was classified as a "motor vehicle sales lot." He also claimed that the complaint filed against him was unconstitutionally vague. The Lakewood Municipal Court denied Calanni's motion to dismiss. He subsequently pleaded no contest and was found guilty as charged. The instant appeal follows.

{¶ 6} The appellant presents two assignments of error for review:

"I. Whether the trial court erred in finding that the defendant was subject to the provisions of § 1143.09 of the codified ordinances of the city of Lakewood"

{¶ 7} Appellant claims that L.C.O. 1143.04(i)(9) exempts his business as a "motor vehicle sales lot" and permits immobilized or unlicensed vehicles to remain on his property for more than three consecutive days. We disagree with appellant.

{¶ 8} As a general rule, when construing a statute, the primary duty of a court is to give effect to the intent of the legislature enacting it. *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45, 49, 59 O.O. 65, 133 N.E.2d 780. In determining intent, "a court should consider the language used and the apparent purpose to be accomplished, and then such a construction should be adopted which permits the statute and its various parts to be construed as a whole and gives effect to the paramount object to be attained." Id. at 49, 59 O.O. 65, 133 N.E.2d 780. Thus, the court must first look to the language of the statute itself to determine legislative intent. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 65 O.O.2d 296, 304 N.E.2d 378.

{¶ 9} To the extent that there is doubt as to its application, the ordinance must be strictly construed against the city and liberally construed in favor of the defendant. *State v. Hill* (1994), 70 Ohio St.3d 25, 635 N.E.2d 1248. However, "[w]here the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation." *Sears v. Weimer* (1944), 143 Ohio St. 312, 316, 28 O.O. 270, 55 N.E.2d 413. "To interpret what is already plain is not interpreta-

tion, but legislation, which is not the function of the courts, but of the general assembly." Id. at 316, 28 O.O. 270, 55 N.E.2d 413.

{¶ 10} In the instant matter, appellant was convicted of violating L.C.O. 1143.09, which states:

{¶ 11} "UNLICENSED, IMMOBILIZED VEHICLES

{¶ 12} "No person shall store or permit to be stored, for a period of more than three (3) consecutive days, any motor vehicles not having current year license plates and/or damaged or immobilized so as to render it incapable of being moved under its own power, upon any lot or land designated as within any district, unless the same shall be in a completely enclosed building or garage. 'Motor Vehicle' shall have the same meaning as in O.R.C. 4501.01. This Section shall not apply to motor vehicle sales lots."

{¶ 13} Appellant argues that L.C.O. 1143.04(i)(9) defines "a motor vehicle sales lot" and exempts him from prosecution under L.C.O. 1143.09.

{¶ 14} L.C.O. 1143.04 states:

{¶ 15} "For the purposes of calculating parking and loading requirements, uses are defined as follows:

{¶ 16} "* * *

{¶ 17} "(i)(9) Motor Vehicle Sales and Service; Including automotive sales, gasoline and/or diesel fuel stations, automotive rental agency, marine craft sales and service, engine and motor repair shops, automotive glass/muffler/painting/tire/upholstery/repair shops, recreational and sports vehicle sales and service, or any combination thereof."

{¶ 18} It is undisputed that appellant's business includes various types of automotive repair. Appellant does not claim to sell, rent, or lease new or used automobiles. The statutory exemption in L.C.O. 1143.09 expressly excludes only "motor vehicle sales lots."

{¶ 19} The Lakewood ordinances do not define "motor vehicle sales lot." From reading the ordinances sequentially, it is apparent that L.C.O. 1143.04(i)(9) is not intended as a definition for "motor vehicle sales lot." L.C.O. 1143.04(i)(9), "Motor Vehicle Sales and Service," is classified under the heading "Retail/Services Uses," which exclusively deals with calculating parking and loading requirements for different types of businesses located in Lakewood. Therefore, "motor vehicle sales lot" has not been given a technical or particular meaning within the Lakewood ordinances and will be construed according to the rules of grammar and common usage. Lakewood's legislative intent was to apply the common definition of "motor vehicle sales lot," which is known by the public to be a business that offers new or used vehicles for sale.

{¶ 20} Furthermore, the Lakewood ordinances provide an exemption only for "motor vehicle sales lots," which are not the same as "motor vehicle sales and service." If the legislative intent were for the two phrases to be interpreted as the same, the identical wording would have been used in both statutory sections.

{¶ 21} Appellant owns a repair shop for automobiles that is not classified as a "motor vehicle sales lot"; therefore, he is not exempt from prosecution for violating L.C.O. 1143.09.

"II. Whether the trial court erred in failing to dismiss the unconstitutionally vague complaint against the defendant"

{¶ 22} Appellant argues that the complaint filed against him fails to state the essential elements of the crime he was charged with, making the complaint unconstitutionally vague. Appellant's argument is not well taken.

{¶ 23} The purpose and function of a complaint are to inform the accused of the crime for which he is charged. The complaint forms the essential basis of the court's jurisdiction and the subsequent trial and judgment. *State v. Villagomez* (1974), 44 Ohio App.2d 209, 211, 73 O.O.2d 215, 337 N.E.2d 167.

{¶ 24} Crim.R. 3 defines a criminal complaint as follows:

{¶ 25} "[A] written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

{¶ 26} A criminal complaint is sufficient when an individual of ordinary intelligence does not have to guess as to the type and scope of the conduct prohibited. *State v. Baker* (Feb. 19, 1999), Huron App. No. H–98–033, 1999 WL 75999.

{¶ 27} The fact that a complaint was charged in the disjunctive does not automatically make it insufficient or vague. *State v. Whitt* (1964), 3 Ohio App.2d 278, 32 O.O.2d 382, 210 N.E.2d 279. An incident report, incorporated by reference and attached to the complaint, may state all facts necessary in order to provide the defendant reasonable notice as to the nature of the offense charged. *N. Royalton v. Kozlowski* (Apr. 18, 1996), Cuyahoga App. No. 69138, 1996 WL 191771.

{¶ 28} In the instant matter, the complaint filed against appellant states the nature of the offense, location, date of occurrence, ordinance section number, and that it was sworn under oath. Furthermore, the complaint sets forth that appellant had been previously convicted of this same offense in the past.

{¶ 29} Attached to the complaint is the Lakewood Building Department's request for summons. In the request for summons, particular facts were set forth describing the violation. Although the complaint did not set forth all essential facts of the violation, the request for summons stated all facts necessary to provide appellant with reasonable notice of the nature of the offense.

{¶ 30} This court recognizes that it is a better practice for municipalities that are issuing complaints to put all of the essential facts constituting the violation in the complaint. Not every incident report will contain all of the essential facts of the offense; however, in this case, the building department's request for summons, incorporated into the face of the complaint, spelled out all of the essential facts of the offense and is valid within the meaning of Crim.R. 3.

{¶ 31} Next, appellant argues that the complaint filed against him alleged a violation of two completely different provisions of the same ordinance and failed to state which condition existed that constituted the violation, thus making the complaint against appellant unconstitutionally vague.

{¶ 32} Appellant claims that the following phrase of the complaint—"any motor vehicle not having current year license plates and/or damaged or immobilized so as to render it incapable of moving under its own power"—is unconstitutionally vague because the complaint does not specifically state the nature of the violation, that being whether the vehicle had expired plates or was immobilized. We find no merit in this argument.

{¶ 33} The building inspector had no way to determine whether the vehicle was immobilized without asking the property owner. From the record, it is clear that the vehicle had expired license plates and remained on appellant's property for at least four days. Regardless, if the vehicle was immobilized and had expired license plates, the nature and violation of the ordinance would have remained the same. The penalty for having an immobilized vehicle with expired license plates would have been no greater than having a non-immobilized vehicle with expired plates. Furthermore, the request for summons attached to the complaint clearly stated what appellant was being cited for, i.e., a blue Dodge Spirit (Vehicle Identification Number 1B3XA4532KF877662) with license plates expired since December 2001. The complaint filed against appellant was not unconstitutionally vague.

Judgment affirmed.

COLLEEN CONWAY COONEY, J., concurs.

TIMOTHY E. MCMONAGLE, J., concurs in judgment only.