{¶ 35} The record very plainly shows that the court entered its judgment of conviction by rejecting the "recklessly" mental element of child endangering, as prescribed by Cleveland Codified Ordinance No. 609.04. Absent a finding on this element, the court did not find Callahan guilty of all the elements of the offense.
 {¶ 36} In State v. McGee, 79 Ohio St.3d 193, 1997-Ohio-156, the supreme court construed the similar R.C. 2919.22 and stated:
 {¶ 37} "[t]he `existence of the culpable mental state of recklessness is an essential element of the crime of endangering children.' State v. Adams (1980), 62 Ohio St. 2d 151,16 Ohio Op. 3d 169, 404 N.E.2d 144, paragraph one of the syllabus (construing R.C. 2919.22[B][2])."
 {¶ 38} At the close of evidence, the court stated:
 {¶ 39} "[Counsel] kept talking about intent. The statute doesn't say anything about intent. It says create a substantial risk to the health of that child. It didn't say recklessly cause a substantial risk to his health. It didn't even say he had to hurt. It said create a risk of being hurt. And I think that's the situation here, but shouldn't even editorialize it."
 {¶ 40} These statements very clearly show that the court did not employ the reckless standard required by the law. Indeed, it did not appear to use any mental standard given its statement that "the statute doesn't say anything about intent." This is a clear violation of the law set forth in McGee.
 {¶ 41} It is disappointing that the majority chooses to label these remarks as "careless commentary" without actually bothering to quote them. Equally disappointing is its suggestion that the court had been aware of the requisite mental element of the offense throughout the proceedings so as to obviate its "careless commentary." As an appellate court, we are left with the record as we find it. There are situations where an appellate court can conclude that a misstatement has been made based on context, but this is not the case here. The court very plainly rejected the use of any mental element when entering the judgment of conviction. Since Callahan's intent in causing the injuries was one of the factual questions at issue in trial, the court erred by finding Callahan guilty.