OPINION
{¶ 1} Defendant-appellant, Steven Shie, appeals his conviction and sentence in the Butler County Area II Court for misdemeanor child endangering.
 {¶ 2} In August 2006, appellant and his wife, Stacy Shie, were in the midst of a hotly contested divorce. The couple had a shared parenting plan regarding their two-year-old child. On August 23, 2006, which was appellant's day to have visitation, Stacy informed appellant that their child was sick with a 103° temperature, and that she had made an *Page 2 
appointment to take the child to the pediatrician's office. Stacy told appellant that unless he was at her house by 5:15 p.m., she would take the child to the pediatrician's office, herself, and appellant could meet them there.
 {¶ 3} When appellant failed to show up, Stacy began driving the child to its appointment. Appellant arrived at Stacy's home just as she was leaving, and began to drive closely behind her. At one point, appellant tried, unsuccessfully, to cut Stacy off and force her to the side of the road so that he could seize their child and take it to the doctor's appointment.
 {¶ 4} When Stacy began to slow down for a four-way stop sign at a busy intersection, appellant parked his car at the side of the roadway and climbed onto the running board of Stacy's SUV. While Stacy was still traveling, albeit, at a low rate of speed, appellant opened the passenger door of the SUV and began extricating the couple's child from its car seat, all the while he and Stacy were exchanging heated words with one another. After removing the child from Stacy's SUV, appellant took the child to his vehicle and drove to the pediatrician's office. Stacy called 911.
 {¶ 5} Deputy Paul Neyer of the Butler County Sheriff's Office responded to Stacy's call. Deputy Neyer went to the pediatrician's office. Deputy Neyer issued three citations to appellant, each containing a summons and complaint, which charged appellant with two counts of domestic violence in violation of 2919.25 and one count of child endangering in violation of R.C. 2919.22.
 {¶ 6} Appellant agreed to have his case tried before a magistrate. After a trial was held on the charges, the magistrate found appellant not guilty of the domestic violence charges but guilty of the child endangering charge. The magistrate sentenced appellant to 180 days in jail, with 178 days of the sentence suspended, and credited him with the two days in jail he already had served. The magistrate also imposed a $1,000 fine on appellant, *Page 3 
with $750 of the fine suspended.
 {¶ 7} Appellant filed an objection to the magistrate's decision, arguing that it was against the manifest weight of the evidence. The trial court, after setting forth the facts stated above, overruled appellant's objection, finding that appellant "did create a substantial risk to the health or safety" of his and Stacy's two-year-old child.
 {¶ 8} Appellant now appeals from the trial court's decision affirming his conviction for misdemeanor child endangering in violation of R.C.2919.22(A), and assigns the following as error:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "APPELLANT'S CONVICTION IS VOID AS THE BUTLER COUNTY AREA II COURT LACKED SUBJECT MATTER JURISDICTION AS THAT JURISDICTION IS VESTED SOLELY WITH THE JUVENILE COURT PURSUANT TO OHIO REVISED CODE [SECTION] 2151.23(A)(5)."
 {¶ 11} Appellant argues that the trial court lacked subject matter jurisdiction to try him for the offense of child endangering because under R.C. 2151.23(A)(5) and 2151.23(B)(1), exclusive original jurisdiction to try an adult for that type of offense is vested in the juvenile court. We disagree with this argument.
 {¶ 12} "Original jurisdiction" means "[a] court's power to hear and decide a matter before any other court can review the matter." Black's Law Dictionary (8th Ed. 2004) 869. "Exclusive jurisdiction" means "[a] court's power to adjudicate an action or class of actions to the exclusion of all other courts[.]" Id. "Concurrent jurisdiction" is "[j]urisdiction that might be exercised simultaneously by more than one court over the same subject matter and within the same territory[.]" Id. at 868.
 {¶ 13} In this case, the trial court was the Butler County Area II Court. R.C. 1907.02(A)(1) provides that "a county court has jurisdiction of all misdemeanor cases." *Page 4 
Therefore, contrary to what appellant contends, the trial court did have jurisdiction under R.C. 1907.02(A)(1) to try appellant on the misdemeanor charge of which he was convicted.
 {¶ 14} R.C. 2151.23 states in pertinent part:
 {¶ 15} "(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
 {¶ 16} "* * *
 {¶ 17} "(5) To hear and determine all criminal cases charging adults with a violation of any section of this chapter[.]"
 {¶ 18} Contrary to what appellant asserts, R.C. 2151.23(A)(5) does not vest juvenile courts with "exclusive original jurisdiction" to try adult defendants who are charged with endangering children pursuant to R.C.2919.22(A). Instead, R.C. 2151.23(A)(5) vests juvenile courts with exclusive original jurisdiction "[t]o hear and determine all criminal cases charging adults with the violation of any section of thischapter[,]" with the phrase "any section of this chapter" referring to the sections in R.C. Chapter 2151. (Emphasis added.) See, e.g., R.C.2151.43, which governs, among other things, charges against adults brought under R.C. 2151.01 to 2151.54.
 {¶ 19} Here, appellant was not charged with violating any section of R.C. Chapter 2151, but, rather, with violating R.C. 2919.22(A). Thus, R.C. 2151.23(A)(5) does not apply to this case.
 {¶ 20} R.C. 2151.23 further states in pertinent part:
 {¶ 21} "(B) * * * [T]he juvenile court has original jurisdiction under the Revised Code:
 {¶ 22} "(1) To hear and determine all cases of misdemeanors charging adults with any act or omission with respect to any child, which act or omission is a violation of any state law or any municipal ordinance[.]"
 {¶ 23} As can be seen, R.C. 2151.23(B)(1) provides juvenile courts with original- *Page 5 
though not exclusive-jurisdiction to hear and determine misdemeanor cases charging adults with any act or omission with respect to any child where the act or omission is a violation of any state law or municipal ordinance. Thus, county courts and juvenile courts, pursuant to R.C.1907.02 and 2151.23(B)(1), respectively, have concurrent original jurisdiction with respect to misdemeanor cases charging an adult with any act or omission with respect to any child where the act or omission is a violation of any state law or municipal ordinance.
 {¶ 24} Accordingly, the trial court had jurisdiction under R.C.1907.02 to try appellant for the offense of misdemeanor child endangering in violation of R.C. 2919.22(A).
 {¶ 25} Appellant's first assignment of error is overruled.
 {¶ 26} Assignment of Error No. 2:
 {¶ 27} "APPELLANT'S CONVICTION IS VOID AS THE TRIAL COURT HAD NO JURISDICTION BECAUSE THE INDICTMENT [sic] FAILED TO INCLUDE ESSENTIAL ELEMENTS NECESSARY TO CHARGE AN OFFENSE UNDER OHIO LAW."
 {¶ 28} Appellant argues that his conviction for child endangering is void because the complaint charging him with that offense failed to include all of the essential elements of the offense, and, therefore, the trial court lacked subject matter jurisdiction to try him for that offense. We disagree with this argument.
 {¶ 29} Crim. R. 3 states:
 {¶ 30} "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
 {¶ 31} "The purpose and function of a complaint are to inform the accused of the crime for which he is charged. The complaint forms the essential basis of the court's jurisdiction and the subsequent trial and judgment." Lakewood v. Calanni, *Page 6 154 Ohio App.3d 703, 2003-Ohio-5246, ¶ 23, citing State v. Villagomez (1974),44 Ohio App.2d 209, 211. "A criminal complaint is sufficient when an individual of ordinary intelligence does not have to guess as to the type and scope of the conduct prohibited." Calanni, 2003-Ohio-5246 at ¶ 26, citingState v. Baker (Feb.19, 1999), Huron App. No. H-98-033.
 {¶ 32} R.C. 2919.22 states in pertinent part:
 {¶ 33} "(A) No person, who is a parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."
 {¶ 34} "The existence of the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C. 2919.22(A)." State v. McGee, 79 Ohio St.3d 193, 1997-Ohio-156, syllabus. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).
 {¶ 35} In this case, appellant was charged by way of complaint with misdemeanor child endangering in violation of R.C. 2919.22(A), a misdemeanor of the first degree. See R.C. 2919.22(E)(1). The complaint stated, in relevant part:
 {¶ 36} "On or about August 23, [20]06, at 17[:]15 [p.m.] Liberty Township Butler County, Ohio you did unlawfully Child Endangerment [sic] knowingly, by statements made, removed his two year old child from a vehicle in motion.
 {¶ 37} "In violation of Section 2919.22[.]"
 {¶ 38} Appellant argues that the complaint is defective and, therefore, invalid in that it: (1) fails to specify what subsection of R.C. 2919.22 he was being accused of violating; (2) fails to include the essential element that he acted "recklessly" and, instead, incorrectly indicates that the culpable mental state for the offense is "knowingly"; and (3) fails to include the essential elements that his conduct created "a substantial risk to the health or safety of *Page 7 
the child, by violating a duty of care, protection, or support.
 {¶ 39} However, appellant failed to bring these errors to the magistrate's attention, and failed to object to the magistrate's decision on these grounds. Crim.R. 12(C), which governs pretrial motions, states:
 {¶ 40} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 {¶ 41} "* * *
 {¶ 42} "(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)[.]"
 {¶ 43} Furthermore, Crim.R. 19(D)(3)(b)[1] allows a defendant to file written objections to a magistrate's decision within 14 days of its filing. Crim.R. 19(D)(3)(b)(i). An objection to a magistrate's decision must be specific and state with particularity all grounds for objection. *Page 8 
Crim.R. 19(D)(3)(b)(ii). Crim.R. 19(D)(3)(b)(iv) states in pertinent part:
 {¶ 44} "Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b)."
 {¶ 45} In this case, the only objection that appellant raised to the magistrate's decision was that it was against the manifest weight of the evidence. Therefore, pursuant to Crim.R. 19(D)(3)(b)(iv), "[e]xcept for a claim of plain error" appellant is not permitted to assign as error on appeal any claim that the indictment was defective or insufficient to charge an offense.[2] This court has construed a similar provision in Civ.R. 53 literally, and found that where a party fails to expressly raise a claim of plain error on appeal, we need not consider whether plain error exists. See In re M.W.R., Butler App. Nos. CA2007-04-105, CA2007-04-106, ¶ 15, 16. Appellant has not expressly raised a claim of plain error in this case, and, therefore, we need not consider whether plain error occurred in this case. Id.
 {¶ 46} Cognizant of the fact that he failed to raise in the trial court the defects in the complaint of which he is now complaining, appellant argues that the complaint's failure to state all of the material elements of the offense deprived the trial court of subject matter jurisdiction to try and convict him for the offense of misdemeanor child endangering. Of course, raising the issue in terms of the trial court's alleged lack of subject matter jurisdiction allows the issue to be raised at any time even though there was no timely objection made in the trial court. See State v. Lomax, 96 Ohio St.3d 318,2002-Ohio-4453, ¶ 17.
 {¶ 47} In support of his argument that the complaint's omission of a material element *Page 9 
or elements of the offense sought to be charged deprived the trial court of subject matter jurisdiction to rule in the matter, appellant citesState v. Conley, Perry App. No. 03-CA-18, which, in turn, relied on paragraph six of the syllabus in State v. Cimpritz (1953),158 Ohio St. 490. The syllabus to Cimpritz states, in pertinent part:
 {¶ 48} "3. If any material element or ingredient of an offense, as defined by statute, is omitted from an indictment, such omission is fatal to the validity of the indictment.
 {¶ 49} "* * *
 {¶ 50} "6. A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding."
 {¶ 51} Cimpritz essentially held that a judgment of conviction based on an indictment that omits a material element of the offense does not charge an offense, id. at 493-494, and, therefore, is void for lack of subject matter jurisdiction. Id. at paragraph six of the syllabus.
 {¶ 52} However, paragraph six of the syllabus in Cimpritz was subsequently "explained and distinguished" in Midling v. Perrini (1968),14 Ohio St.2d 106, syllabus, wherein the court rejected an attempt by a defendant to collaterally attack his conviction in a habeas corpus proceeding on the basis that the indictment from which his conviction arose did not state an offense. Id. at 106-107.
 {¶ 53} In support, the Midling court noted that it had previously held that where a defendant pled guilty to an offense and then was sentenced for it, the defendant was not permitted to collaterally attack his conviction on the ground that the indictment for the offense failed to state one or more essential elements of the offense. Id. at 107, citingEvans v. Sacks (1962), 173 Ohio St. 116; Mills v. Maxwell (1963),174 Ohio St. 523; and Perry v. Maxwell (1963), 175 Ohio St. 369. The court noted that such an indictment could only be attacked on direct appeal. Id. at 107, citing State v. Perry (1967), 10 Ohio St.2d 175. *Page 10 
 {¶ 54} What Midling makes clear is that a judgment of conviction arising from an indictment that omitted a material element of the charged offense is not void for lack of subject matter jurisdiction, but, instead, merely voidable on a direct appeal from that judgment of conviction. See id. at 107. See, also, State v. Batich, Ashtabula App. No. 2006-A-0031, 2007-Ohio-2305, ¶ 21-28; and State v. Cochran (Dec. 29, 1995), Clark App. No. 94-CA-80, at pp. 2-3.
 {¶ 55} The matter currently before us involves a direct appeal from a conviction based on a complaint that failed to state all of the material elements of the charged offense of misdemeanor child endangering. Thus, under Cimpritz, as modified by Midling, the defects in the charging instrument may deemed to have rendered the judgment of conviction as voidable under direct appeal. See Midling at 107.
 {¶ 56} However, this case is distinguishable from the situation inCimpritz in two key respects. First, Cimpritz involved a defect in an indictment charging a felony, while this case involves defects in a complaint charging a misdemeanor. Second, and even more importantly, the defendant in Cimpritz raised the issue of the defect in the indictment in the trial court, id., 158 Ohio St. at 491, while appellant did not raise the issue of the defects in the complaint in either the proceedings held before the magistrate or in his objections to the magistrate's decision, see Carter, 89 Ohio St.3d at 598-599, nor has he raised "a claim of plain error" on appeal.
 {¶ 57} As we have explained, under Midling even a conviction stemming from an indictment that omits a material element of the offense sought to be charged is no longer considered void for lack of subject matter jurisdiction. Id. Instead, the defects in the indictment render the conviction merely voidable on direct appeal. Id. However, at least in the cases of misdemeanor offenses heard by magistrates, a defendant may not assign these defects in a charging instrument as error unless the defendant has objected to them in the *Page 11 
trial court, as required by Crim.R. 19(D)(3)(b). Thus, "[e]xcept for a claim of plain error, "appellant is not permitted to assign these defects as error on appeal, pursuant to Crim.R. 19(D)(3)(b)(iv).
 {¶ 58} As we have indicated, appellant has not raised a claim of plain error, and thus we need not consider whether plain error exists in this case. See In re M. W.R., Butler App. Nos. CA2007-04-105, CA2007-04-106, at ¶ 15, 16.
 {¶ 59} Appellant's second assignment of error is overruled.
 {¶ 60} Assignment of Error No. 3:
 {¶ 61} "APPELLANT'S CONVICTION FOR CHILD ENDANGERING PURSUANT TO OHIO REV. CODE ANN. [SECTION] 2919.22 VIOLATES THE UNITED STATES CONSTITUTION AMEND. VIII AND XIV AND THE OHIO CONSTITUTION ART. 1, [SECTIONS] 1, 2, 9
AND 16 AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION AND THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 62} Appellant argues that his conviction for misdemeanor child endangering in violation of R.C. 2919.22(A) was not supported by sufficient evidence and was contrary to the manifest weight of the evidence. We disagree with these arguments.[3]
 {¶ 63} "In reviewing a claim of insufficient evidence, `[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" (Emphasis added.) State v. McKnight, 107 Ohio St.3d 101, 112,2005-Ohio-6046, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. *Page 12 
 {¶ 64} Furthermore, in evaluating the sufficiency of the evidence, a reviewing court is obligated to view the evidence in a light most favorable to the prosecution, McKnight, 107 Ohio St.3d at 112, and must not substitute its judgment for that of the trier of fact's, regarding the credibility of witnesses. See State v. Benge, 75 Ohio St.3d 136,143, 1996-Ohio-227.
 {¶ 65} A challenge to the manifest weight of the evidence differs from a challenge to the sufficiency of the evidence. McKnight,2005-Ohio-6046. In considering a manifest weight of the evidence challenge, an appellate court, reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses in determining whether in resolving conflicts in the evidence, the jury or trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. McKnight, citingState v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, which, in turn, cites State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 66} While a reviewing court must consider the credibility of the witnesses in evaluating a manifest weight of the evidence claim, the court must be mindful of the fact that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the jury or trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Moreover, the decision of the jury or trier of fact is owed deference since they are `"best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" State v. Miles (Mar. 18, 2002), Butler App. No. CA2001-04-079, quoting Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 67} Appellant was convicted of misdemeanor child endangering pursuant to R.C. 2919.22(A), which required appellee to prove that at the time of the offense, appellant: (1) was a parent of a child under 18 years of age, id.; (2) created "a substantial risk to the health *Page 13 
or safety" of his child by "violating a duty of care, protection, or support," id.; and (3) acted with recklessness when committing the offense, McGee, 1997-Ohio-156 at syllabus.
 {¶ 68} In support of his insufficiency of the evidence and manifest weight claims, appellant asserts there is no evidence in the record demonstrating that his actions created a substantial risk of harm to his and Stacy's two-year-old child. However, a review of the record shows there is ample evidence in the record to demonstrate that element of the offense. In particular, we agree with the following statement made by the trial court in finding that appellant did create a substantial risk to the health and safety of his and Stacy's child:
 {¶ 69} "Not only did [appellant] attempt to run [Stacy and their two-year-old daughter] off the road, but he also jumped into [Stacy's] car in the middle of traffic, all the while attempting to unbuckle [the child] from the car seat. Although, as he claimed, [Stacy] could have stopped the car while he did this, it was he, and he only, who set these events into motion. His [two-year-old child] had a high temperature, he abandoned his own car in traffic, and he jumped onto a moving car and opened the door. Even if the car was not moving or if she had stopped the car, [Stacy] was clearly panicked at this turn of events, which, in turn, could have easily led to injuries to all three of the people involved."
 {¶ 70} In light of the foregoing, we conclude that appellee presented sufficient, even ample, evidence to convict appellant on all material elements of the offense of misdemeanor child endangering in violation of R.C. 2919.22(A), and that appellant's conviction on that charge was not contrary to the manifest weight of the evidence.
 {¶ 71} Appellant's third assignment of error is overruled.
 {¶ 72} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] {¶ a} Crim.R. 19(D)(3)(b) states as follows:
{¶ b} "Objections to magistrate's decision.
{¶ c} "(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Crim.R. 19(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.
{¶ d} "(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.
{¶ e} "(iii) Objection to magistrate's factual finding; transcript oraffidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Crim.R. 19(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.
{¶ f} "(iv) Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b)."
[2] See, also, State v. Carter, 89 Ohio St.3d 593, 598-599,2000-Ohio-172 (where defendant in a capital case did not challenge at any time before or during the trial, the sufficiency of an indictment charging him with rape, which did not contain the element "engage in sexual conduct," defendant waived all but plain error, and plain error did not exist since defendant failed to show that he was prejudiced by the missing element).
[3] The only objection appellant made with respect to the magistrate's decision, and thus the only issue appellant properly preserved for review, was that his conviction was against the manifest weight of the evidence. Therefore, his sufficiency of the evidence claim should be reviewed only under a plain error standard. However, as to this issue there is no error, plain or otherwise. *Page 1